# SPENCER VAUGHN et al. v. FRANK VAUGHN et al., Appellants.

### Division One, June 28, 1913.

1. **APPEAL: Abstract: Printing Questions and Answers in Full.** The printing of the questions and answers of the oral evidence in full in the abstract of the bill of exceptions, is not a violation of the rules. Such an abstract, if not otherwise defective, will be held sufficient.

2. **————: Bill of Exceptions: No Time Given for Filing: New Rule 32.** An abstract of the bill of exceptions prepared and filed since the adoption of new Rule 32, although it recites "defendant given until the ———— day of ———— to file bill of exceptions," if it also recites that "bill of exceptions duly filed August 4, 1910," will be held to show a timely filing of the bill of exceptions, unless respondent produces the record showing that no leave was given to file it, or that if leave was given it was not filed in time. The expression in the abstract "bill of exceptions duly filed" cast the burden on respondent to show that recital was not true, notwithstanding the other recital "defendant given until the ———— day of ———— to file bill of exceptions."

3. **SETTING ASIDE DEED: Thought to Be a Will: Deference to Chancellor.** Where a warranty deed by two old, decrepit and ignorant colored people, conveying their home to their son, was drawn by a lawyer employed by the son, and they testified that they thought they were making a will, although they were not able to tell the difference between a will and a deed, and the son testified that the old folks were to live on the place during their lifetime, though no such reservation was made in the deed, and there was other substantial evidence to support the finding of the chancellor setting aside the deed, and that decree reached a righteous result, the Supreme Court will defer to the finding of the chancellor who had the witnesses before him and was best able to judge of their credibility.

Appeal from Louisiana Court of Common Pleas.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*J. E. Pew* and *Pearson & Pearson* for appellants.

(1)   There is no evidence of any fraud or false representations in connection with the making of said deed.   After deed was written, it was read and explained, signed, signatures witnessed and acknowledged, by and in the presence and hearing of three disinterested white persons, all witnesses in this case. There was neither occasion nor motive for anyone of these white witnesses doing these old folks, colored as they were, the least injury.   Their testimony was that the word "will" was never mentioned during the course of the preparation and signing of said deed. (2)   There is no probative or substantial evidence that the deed in question, is not the instrument intended at the time to have been made.   Respondents did not know what a "will" was; nor the difference between a "will" and a deed.   (a)   There was an instrument, intended to have been made by respondents to appellants, pursuant to an agreement averred in the petition and proven by the testimony, transferring the property in question from respondents to appellants.   Upon the trial the respondents contended that they intended that instrument to be a "will," not a deed; that they were deceived, and by false representations made to believe that the instrument they were signing was a "will."   But both respondents testified they did not know what a "will" was; neither did they know the difference, between a "will" and a deed.   (b)   Frank Vaughn testified, that it was the agreement between the respondents and himself, that they were to give him a deed.   He was given a deed.   At the time of the execution and delivery of the deed it was thoroughly and

fully explained to the respondents, and they were perfectly satisfied with it. A "will" was never thought of until about the time of the institution of this suit; and, as a basis and pretext for the institution and prosecution of the same, to avoid respondents' obligation to appellant. (c) That this deed was the instrument intended to be executed at the time, there really can be no doubt; because its execution was a compliance with the terms of the contract previously entered into by the parties, it being the same contract "averred in the petition and proven by the evidence." (3) In setting aside this deed, the court sets aside and renders nugatory a valid contract, a contract "averred in the petition and proven by the evidence," and partly executed by the appellants, and prohibited and prevented from being wholly executed by the action of the respondents. Gupton v. Gupton, 47 Mo. 37; Sutton v. Hayden, 62 Mo. 101; Hiatt v. Williams, 72 Mo. 214; Kinney v. Murray, 170 Mo. 674; Grantham v. Gossatt, 182 Mo. 651; Russell v. Sharp, 192 Mo. 270. Appellants have furnished and provided food, light and fuel for respondents for something over a year; paid doctors' bills; and made some repairs on house. The setting aside of this deed takes no account of appellants' rights in the premises; makes no adjudications or findings as to money expended in performing their part of this contract, concerning the validity of which, no question is made. (4) Respondents did not offer to do equity, before instituting suit to set aside this deed. In their petition respondents made no offer to pay appellants for what they had laid out and expended on them, or in the repair of the house. They made no tender, nor offer of a tender, in court. No effort was made to put appellants *in statu quo,* as was their duty to do before instituting suit to set aside deed. Small v. Speece, 131 Mo. App. 513; Robertson v. Construction Co., 115 Mo. App. 456; Hayden v. Railroad, 177 Mo. App. 76; MacNealy v. Baldridge,

106 Mo. App. 11; Ungerer & Co. v. Cheese & Fish Co., 155 Mo. App. 95.

*John W. Matson* for respondents.

Under the pleadings and evidence in this cause the decree setting aside the deed to appellants of August 7, 1906, is proper. Even though the reasons given by the court for that decree may have been different, the decree itself is the only one that should have been given and entered in this cause. Ennis v. Burnham, 159 Mo. 517; Reynolds v. Reynolds, 234 Mo. 144; Bleyer v. Bleyer, 219 Mo. 99; Jones v. Belske, 238 Mo. 524.

GRAVES, J.—Action in equity by Spencer and Caroline Vaughn, two aged and decrepit colored people, to have a deed, warranty in form and which conveyed all their earthly possessions, set aside. The grantees, who are the defendants herein, are a son and his wife. The petition charges (1) that the mental and physical conditions of the grantors were such that they could not understandingly make a deed; (2) that they were deceived by the connivance and fraud of defendants into making a deed, when they understood that they were making a will by which defendants were to get the property upon their death in consideration of defendants' moving into the property and supporting and caring for the said Spencer and Caroline during the remainder of their lives, and (3) that the defendants had wholly failed to perform their part of the agreement, whether such agreement be considered as expressed in a deed or in a will. Shortly stated this is the petition.

The answer placed these charges in issue and to parry the blow of the charge last made in the petition, defendants aver that they moved into the house where plaintiffs lived, and the one conveyed to them, and did support and care for plaintiffs so long as

plaintiffs would accept their services and until plaintiffs prevented them from so doing.

The reply placed in issue all new matter in the answer.

A trial was had at the November, 1909, term of the Louisiana Court of Common Pleas, and a judgment declaring said deed null and void and cancelling the same of record and reinvesting the title of the property in Caroline Spencer, was entered. From this judgment the defendants have appealed.

I. Plaintiffs ask us, by motion duly filed, to dismiss the appeal herein, and assign the following reasons:

"First: Appellants have failed to abstract the evidence in this cause as required by the rules of this court.

"Second: As shown by appellants' so-called record, and at the bottom of page 246, appellants were not given any time within which to file their bill of exceptions. Appellants simply state as shown by said record, at the bottom of page 246, to-wit:

" 'November 27, 1909. Affidavit for appeal filed; appeal allowed to Supreme Court of State of Missouri. Defendant given until the —— day of —— to file bill of exceptions.'

"This certainly is not a sufficient compliance with even the liberal Rules 31 and 32 of this court."

(a) The appellants in their abstract seem to have printed the bill of exceptions in full, giving questions and answers, where oral evidence was taken. The first ground of the motion strikes at this method of abstracting the evidence. The point is not well taken. We have always held that the printing of all the evidence in form of questions and answers, was not a violation of the rules. This point is therefore overruled.

**Bill of Exceptions: Questions and Answers.**

(b)   Nor is there substance in the other objection.
This abstract was prepared and filed
**Bill of Ex-**
**ceptions:**
**No Time to**
**File Stated.**
since the adoption of our new rule December 10, 1912. In the printed volume it is reported as rule 32. Such rule, so far as applicable to the point here made, reads:

"Hereafter no appellant need abstract record entries evidencing his leave to file, or filing of, a bill of exceptions. It shall be sufficient if his abstract states the bill of exceptions was duly filed. The burden is then on respondent to produce here the record showing the contrary to be the fact, if he make the point."

In the abstract before us and just following that portion of the abstract quoted in plaintiffs' motion to affirm we find this statement:

"August 4, 1910—Bill of Exceptions duly filed." The point made by respondents is that the abstract does not show that any time was given to file a bill of exceptions in vacation. The Louisiana Court of Common Pleas has two terms a year, one in November and the other in May. Appellants fully complied with our recent rule when they said "bill of exceptions duly filed." The burden was then cast upon respondents to show that no leave was given to file a bill of exceptions in vacation, or that it was not filed within the time given. This respondents make no attempt to do. This point is therefore not well taken. The motion to affirm is overruled.

II.   We shall not deal at length with the facts of this case. The deed in question was drawn by a lawyer employed by the son. Caroline Spencer, in whom was the legal title, had been stricken with paralysis on the left side, and her physician testified that
**Setting**
**Aside**
**Deed.**
her mentality was so seriously affected that he did not think her capable of entering into any intricate business contract. We shall, however, pass up this branch of the

evidence, as well as that branch bearing upon the son's failure to keep his part of the agreement to look after the two old folks. The trial court found in effect that the defendant Frank Vaughn had fraudulently gotten those two old, ignorant and decrepit colored folks to make a warranty deed' when they understood and thought that they were making a will. Upon this question there is a conflict of evidence, and the chancellor *nisi* had the witnesses before him and judged their credibility from their appearance and demeanor upon the stand. We are not bound by the finding, but this is one of the cases where we feel like the judgment on the facts should not be disturbed here. It is true the two old colored people could not tell the difference between a will and a deed, but they stuck to the story that they were to make a will and not a deed, and that they were impressed by defendant and his scrivener with the idea that it was a will they were signing when they affixed their marks to the instrument in dispute.

We find that there is evidence in the record, if believed by the chancellor *nisi, to* authorize the findings of fact upon which he predicated his judgment. For instance, the son himself testified that it was understood that the old folks were to live on the place during their lives, and yet no such reservation was made in the deed. In our judgment, the chancellor might have found for plaintiffs upon other grounds, but it is sufficient to say that the present findings of fact and judgment entered thereon reached a righteous result, and such judgment will be affirmed.

Judgment affirmed. All concur.